UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CHARTWELL PHARMACEUTICALS
LLC,                                                                    **ORDER**

               Plaintiff,                                        20-CV-00099 (PMH)

v.

WOODFIELD PHARMACEUTICAL,
LLC,

               Defendant,
---------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

On or about March 2, 2020, following limited jurisdictional discovery, Defendant Woodfield Pharmaceutical LLC ("Defendant") brought a motion to dismiss for lack of personal jurisdiction and/or to transfer the venue of this action commenced by Chartwell Pharmaceuticals LLC ("Plaintiff") (Doc. 10). Plaintiff filed its opposition to the motion on April 1, 2020 (Doc. 15, "Pl. Opp."), and reply was filed on April 21, 2020 (Doc. 19). Thereafter, Plaintiff sought and was granted leave to file a sur-reply, which was filed on May 18, 2020 (Doc. 25).

On October 22, 2020 the Court heard oral argument in connection with Defendant's motion. (Doc. 48, "Transcript"). After hearing from the parties, the Court issued a bench ruling granting defendant's motion to transfer venue to the United States District Court, Southern District of Texas, pursuant to 28 U.S.C. § 1404(a) (*id.*), and entered an Order to that effect on October 23, 2020 (the "Transfer Order"). (Doc. 40). Following transfer, on October 26, 2020, Plaintiff filed a letter-motion for a pre-motion conference seeking a stay of the Transfer Order and leave to file a motion for reconsideration of the Transfer Order. (Doc. 42). Defendant opposed the request, and on October 28, 2020, the Court granted Plaintiff leave to file a motion for reconsideration. (Doc.

1

44). On November 6, 2020, Plaintiff moved for reconsideration of the Transfer Order (Doc. 47; Doc. 47-1 ("Pl. Mem."), which Defendant opposed on November 13, 2020 (Doc. 50).

"Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.,* 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting that the "[t]he standard for granting [a reconsideration] motion is strict"). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *RST*, 597 F. Supp. 2d at 365 (quoting *Davidson v. Scully,* 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)). "It is settled law in this District that a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Murray v. Dutcavich*, No. 17-CV-9121, 2020 WL 3318212, at *1 (S.D.N.Y. June 18, 2020) ("Reconsideration is not a procedural mechanism used to re-examine a court's decision. Nor should a reconsideration motion be used to refresh failed arguments, advance new arguments to supplant failed arguments, or relitigate issues already decided.").

"Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Murray*, 2020 WL 3318212, at *1 (quoting *RST*, 597 F. Supp. 2d at 365). Motions for reconsideration "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been

thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). Limitations on motions for reconsideration "ensure the finality of decisions and . . . prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988) (quoting *Lewis v. New York Tel.*, No. 83-CV-7129, 1986 WL 1441, at *1 (S.D.N.Y. Jan. 29, 1986)).

Plaintiff takes issue with the Court's decision to transfer the action as a result of its analysis of nine factors courts consider under 28 U.S.C. § 1404(a). Clearly, Plaintiff would prefer to litigate this case in the Southern District of New York; however, the Court fully considered the arguments raised by the parties and determined that venue of this action should be transferred to the Southern District of Texas. (*See* Transcript at 27:23-32:18). Plaintiff, on its motion for reconsideration, fails to point to controlling decisions or data that the Court overlooked in issuing the Transfer Order. Plaintiff reviews the same factors that were raised on the underlying motion, fully briefed by the parties, argued before the Court, and thoroughly considered by the Court in rendering its decision.

Plaintiff rehashes the same arguments it made when it first opposed transfer of this action concerning deference to Plaintiff's choice of forum (*compare* Pl. Opp. at 29, *with* Pl. Mem. at 9-11), the locus of operative facts in this case (*compare* Pl. Opp. at 30, *with* Pl. Mem. at 11-13), and the location of witnesses, evidence and parties (*compare* Pl. Op. at 29, *with* Pl. Mem. at 13-15); attempts to plug the gaps where it had the opportunity to make certain arguments on the underlying motion but did not (*see* Pl. Mem. at 13-17), such as the significance of the existence of a forum selection clause in a contract between the parties that is not the subject of this case (Pl. Mem. at 17); and simply seeks to relitigate the exact same issues already decided by the Court (*compare* Transcript at 27:23-32:18, with Pl. Mem. at 9-17). Although Plaintiff appears to cite to case law

in support of its motion for reconsideration that it did not cite in the underlying motion practice,

the new cases are not controlling decisions that the Court overlooked; rather, they stand for the

same propositions as those cited in the underlying motion practice. Plaintiff similarly does not

offer data that the Court overlooked in exercising its discretion to transfer this action; rather,

Plaintiff offers the same data the Court already considered, and asks the Court to change its mind.

Simply put, Plaintiff fails to meet its burden on the instant motion, and its motion for

reconsideration is therefore DENIED.

The Clerk of the Court is respectfully directed to terminate the motion (Doc. 47).

SO ORDERED:

Dated:  New York, New York
        November 16, 2020

_____
Philip M. Halpern
United States District Judge